656

## 25231. DILBECK *v.* ALDERMAN *et al.*

DECIDED JULY 9, 1936.

*T. J. Lewis,* for plaintiff. *Gunn & Hardell,* for defendants.

BROYLES, C. J. W. T. Dilbeck brought suit for damages against Alderman-Battle Company (a partnership composed of John H. Alderman and F. O. Battle), and G. Alderman, alleging in part that the defendant company was engaged in the wholesale flour business, and "that at all times herein mentioned the defendant G. Alderman was in the employment of the defendant Alderman-Battle Company as a salesman; that the defendant Alderman-Battle Company furnished to the defendant G. Alderman, for the purpose of selling its goods to customers, a certain automobile, in order that he could go from place to place within said county to sell the goods of his employer to merchants therein; that at all times herein mentioned the defendant G. Alderman was using said automobile in selling the goods of defendant to its customers, the purpose for which the same was furnished, and at said time was engaged in and about the business of his employer, the other defendants herein; that on or about the 4th day of October, 1934, the defendant G. Alderman came by petitioner's home on Oak Street S. W., Atlanta, Ga., and invited petitioner to go to the town of Stonewall with him in said automobile, to call on the company's customers at said place;" that the plaintiff accepted the invitation and rode with G. Alderman, who drove in a described reckless and dangerous manner; "that, a time or two prior to the occurrence hereinafter detailed, petitioner called G. Alderman's attention to the speed of said car, and requested that he slacken the speed of the same, and, immediately prior to the occurrence herein related, again requested the driver of said car to slacken the speed; that the driver of said automobile disregarded plaintiff's request to slacken the speed; . . that petitioner told the driver

of said car that if he did not slacken the speed that he would run the same off the road and kill them both; that said driver replied 'I don't give a dam';" that "while driving said car at said unlawful and excessive rate of speed . . the driver of said automobile at said time and place, with full knowledge of petitioner's perilous and dangerous position, wilfully, wantonly, recklessly, negligently, grossly, and in violation of the statutory law of the State of Georgia, ran said automobile from said road into the telephone post," injuring petitioner in certain specified ways; and that "such reckless and wanton negligence aforesaid on the part of the driver of said automobile was the direct and proximate cause of petitioner's injuries."

The defendants who composed the partnership demurred generally on the ground that the petition failed to set out a cause of action against them, failed to show that G. Alderman, in requesting the plaintiff to accompany him, was acting within the scope of his employment, and failed to show wilful, wanton, and gross negligence on the part of G. Alderman. They also demurred specially to four paragraphs of the petition which alleged wilful and wanton negligence and that the same was the direct and proximate cause of the plaintiff's injuries, on the ground that such allegations were mere conclusions of the pleader.

The court sustained the demurrers, and dismissed the case as to John H. Alderman and F. O. Battle; and on this judgment the plaintiff assigned error.

The petition fails to show that G. Alderman, the driver of the automobile, in requesting the plaintiff to accompany him on the trip, was acting within the scope of his employment, and therefore it fails to set out a cause of action against the partnership or the members thereof. In *Greeson* v. *Bailey* and *Thomas* v. *Bailey*, 167 *Ga.* 638 (146 S. E. 490), the facts were similar to the facts in the case at bar; and the Supreme Court, in answer to a certified question of the Court of Appeals, said that "the master is not liable." Justice Gilbert, in rendering the opinion of the majority of the court, said: "The servant acted not in the prosecution of and not within the scope of his business, and the master is not liable. Where the servant acts not in the prosecution of the master's business or within the scope of such business, the master can not be held liable, no matter how wanton or wilful the

658

conduct of the servant. In other words, to constitute liability on the part of the master, it must be shown that the act was within the prosecution or scope of the master's business, no matter what the degree of negligence. Whether the master was negligent in employing an undependable and careless servant is not here involved. We must assume from the question that there was no allegation to that effect. It would violate both reason and justice to hold that the absent owner of an automobile, having no knowledge that his servant would, without his consent or in disobedience to his orders, permit another to ride in his automobile, not operated for hire, may be liable for injury to such third person. Certainly the injured party was in better position to save himself from harm than was the absent master." The court did not err in sustaining the demurrer interposed by John H. Alderman and F. O. Battle, and in dismissing the case as to them.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*